UNITED STATES *v.* BUSH & CO. ET AL. (No. 1925).[1]

1. CONSTRUCTION, PARAGRAPH 84, TARIFF ACT OF 1913—GLASS.

For the purposes of this case paragraph 84, tariff act of 1913, is regarded as including such articles only as are composed wholly or in chief value of glass which is ornamented, decorated, or processed in the manner described therein.

2. CONSTRUCTION, PARAGRAPH 84, TARIFF ACT OF 1913—"ORNAMENTED OR DECORATED."

Glass tray bottoms, made of two plain panes of common window glass with decorative threads, leaves, and butterflies between them, not attached to either of the two panes but held there by pressure when the panes are fastened into the frame of the tray, can not be regarded as glass "ornamented or decorated" or processed in any of the ways specified in paragraph 84, tariff act of 1913, nor in any manner ejusdem generis therewith.

3. TRAYS WITH GLASS BOTTOMS AND BAMBOO FRAMES.

Trays, the rims of which are of stained bamboo and the bottoms of two panes of common flat window glass, between which are natural butterflies with paper bodies, leaves, and silk threads so arranged as to give the effect of a decoration on glass, the decorations not being attached to either pane of glass but held in position by the fastening of the panes of glass into the rims of the trays, are not classifiable under paragraph 84, tariff act of 1913, as articles in chief value of glass "ornamented or decorated" or processed in any of the ways specified therein.

## United States Court of Customs Appeals, April 15, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42239.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Samuel Isenschmid*, special attorney, of counsel), for the United States.

Submitted on record by appellees.

[Oral argument Nov. 6, 1918, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This appeal relates to an importation of fancy trays. They are described by the appraiser as follows:

The merchandise consists of trays, the rims of which are of stained bamboo and the bottom made of two pieces of glass, between which are natural butterflies with paper bodies, leaves, and silk threads so arranged as to give the effect of a decoration on glass.

The method of construction, as shown by the official sample and by the undisputed testimony in the case, is described in the decision of the board as follows:

Two samples of this merchandise are in evidence. The glass bottom of one of the samples has been taken apart. It consists of two pieces of ordinary glass, cut in a circular form. Between the two pieces are laid filaments of white natural silk in a spray form on which the butterflies and leaves are laid. The silk slightly adheres to the under glass; whether or not it is pasted thereto, or adheres to the glass naturally, due to pressure, is not evident from an ocular examination. The butterflies and

---

[1] T. D. 37996 (36 Treas. Dec., 382).

leaves are not fastened to the glass or silk. They are merely held in place by the pressure of the two pieces of glass, which are held together at the edge by cement and a tin rim.

The collector at the port of Seattle classified the merchandise for dutiable purposes, under the provisions of paragraph 84 of the tariff act of 1913, as "articles of every description composed wholly or in chief value of glass, ornamented or decorated in any manner." The claim of the protestants is that the articles do not fall for dutiable purposes under said paragraph 84, in that the glass of which they are composed in chief value is not "ornamented or decorated in any manner," claiming that the silk threads and the butterflies and leaves are separate parts of the trays themselves and do not convert the component glass parts into ornamented or decorated glass. The Board of General Appraisers sustained the contention of the importers, and that issue is here on this appeal.

The following is a copy of paragraph 84 of the tariff act of 1913:

84. Glass bottles, decanters, and all articles of every description composed wholly or in chief value of glass, ornamented or decorated in any manner, or cut, engraved, painted, decorated, ornamented, colored, stained, silvered, gilded, etched, sand blasted, frosted, or printed in any manner, or ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), and all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass blown either in a mold or otherwise; all of the foregoing, not specially provided for in this section, filled or unfilled, and whether their contents be dutiable or free, 45 per centum ad valorem: *Provided,* That for the purposes of this act, bottles with cut-glass stoppers shall, with the stoppers, be deemed entireties.

No brief has been filed by the importers in this court, nor was any oral argument made in their behalf; on the other hand, the court has had the benefit of both an oral and printed argument on the part of the Government. The interpretation placed by the Government upon paragraph 84, supra, is to the effect that it includes such articles only as are composed wholly or in chief value of glass which is ornamented, decorated, or processed in the manner prescribed therein. Under the circumstances we accept this interpretation of the paragraph for the purposes of this case, and predicate our decision thereon.

In our opinion the glass of which these trays are in chief value composed is not ornamented, decorated, or processed in any of the ways specified in the paragraph, nor in any manner ejusdem generis therewith. The glass panes are themselves entirely plain, being merely pieces of common window glass. The decorative threads, leaves, and butterflies are not attached in any manner to either of the two pieces of glass, but are simply placed between them and are held there by pressure when the glass panes are fastened into the frame of the tray. The glass itself is totally unchanged in character by this treatment, nor can it be said that anything has even

temporarily been added to it, or that it has been altered in character or condition.    According, therefore, to the interpretation which is above placed upon the paragraph, this treatment would not bring the articles in question within the paragraph as articles composed wholly or in chief value of ornamented, decorated, or processed glass.

In this view we sustain the decision of the board.

*Affirmed.*